IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALAN KEITH MOON, #140499**                                                                   **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 3:14-cv-617-HTW-LRA**

**MICHEAL GUEST, ET AL.**                                                                     **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Alan Keith Moon, an inmate of the Mississippi Department of Corrections, brings this *pro se* Complaint pursuant to 42 U.S.C. § 1983, against Micheal Guest, District Attorney for Rankin County; Vikki Williams, Assistant District Attorney for Rankin County; and Rankin County, Mississippi.[1]  The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

**I.     Background**

Moon states that he is currently incarcerated based on a four-year sentence for "child support/child abandonment."  Resp. [10] at 1.  The subject of this Complaint is his prior conviction for false pretense entered by the Rankin County Circuit Court.  In regards to the false pretense conviction, Moon alleges that Assistant District Attorney Williams "got the indictment by not telling the truth" because she knew that a post dated check was a civil matter and not a crime.  *Id.*  He further claims that District Attorney Guest "oversees" all criminal cases in Rankin County, therefore, Guest should have "stopped the criminal proceeding on the [false pretense] indictment because a post dated check is a civil matter."  *Id.*  Moon complains that he "served 20 months on a sentence that [he] never should've had," and that as a convicted felon he can no

---

[1] Moon was granted permission to proceed *in forma pauperis* in this case.  *See* Order [8].

longer "bear arms" or vote. *Id.* at 1-2. As relief, he seeks monetary damages for being "falsely incarcerated" and for "defamation of [ ] character." Compl. [1] at 4.

**II.     Analysis**

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). Since the Court has permitted Plaintiff Moon to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under § 1915(e)(2).

**A.     Absolute Immunity**

District Attorney Guest and Assistant District Attorney Williams, as criminal prosecutors, "enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). This immunity extends to the "prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.* As the Fifth Circuit has clearly stated, the "decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach,* 326 F. App'x 280, 292 (5th Cir. 2009); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th

Cir. 1990) ("The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability."). Moon disagrees with the prosecutors decision to initiate criminal charges and maintain the criminal prosecution for false pretense based on his belief that he did not commit a crime. The Court finds the alleged actions taken by Guest and Williams are "intimately associated with the judicial phase of the criminal process." *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011)(citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Therefore, District Attorney Guest and Assistant District Attorney Williams are entitled to absolute immunity from the claims asserted in this § 1983 Complaint.[2]

### B.   *Respondeat Superior*

A municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Moon provides no official policy or custom of Rankin County that is responsible for the alleged constitutional deprivations associated with his false pretense conviction and resulting incarceration. Rather, he claims Rankin County "employees" violated his constitutional rights when he was indicted, convicted, and incarcerated for false pretense, when a file was lost, and when he faced certain consequences associated with being a convicted felon. Resp. [10] at 1. The Court finds that Moon has merely named Rankin County as the employer of Guest and

---

[2]The Court finds it unnecessary to determine if Moon's claims are *Heck* barred or untimely because absolute immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). An immunity determination is a "threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Furthermore, the Fifth Circuit has found that "it is appropriate for the district courts to resolve the question of absolute immunity before reaching the *Heck* analysis when feasible." *Id.*

Williams.³  Since Moon seeks to hold the County vicariously liable for another's actions, he cannot maintain this § 1983 case against Rankin County.  *See Monell*, 436 U.S. at 691 (concluding that "a municipality cannot be held liable solely because it employs a tortfeasor").

Finally, to the extent Plaintiff is attempting to assert a claim for defamation of character based on his false pretense conviction, he is not entitled to relief under § 1983.  *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)(finding claims for defamation based on inmate's contention that defendants filed false reports thereby injuring his reputation did not give rise to § 1983 liability).

### III. Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action is dismissed as frivolous and for failure to state a claim and as seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).  Any state law claims asserted in this civil action are dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 30th day of October, 2014.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

---

³Moon was provided an opportunity to name any other individuals as Defendants and he was directed to state how each Defendant, including Rankin County, violated his constitutional rights.  *See* Order [9].